**Cesar Misael GIRAL-BENITEZ,**
**Petitioner**

v.

**Jefferson B. SESSIONS, III,**
**U. S. Attorney General,**
**Respondent**

No. 17-60079
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed January 12, 2018

Raed Gonzalez, Esq., Senior Attorney, Gonzalez Olivieri, L.L.C., Houston, TX, for Petitioner

Leslie McKay, Esq., Senior Litigation Counsel, Office of Immigration Litigation, Manuel A. Palau, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Virginia Lee Gordon, Trial Attorney, U.S. Department of Justice, Civil Division/OIL, Washington, DC, for Respondent

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Cesar Misael Giral-Benitez petitions for review of the decision of the Board of Immigration Appeals (BIA) to deny his motion to reopen. For the reasons that follow, we lack jurisdiction to review the BIA's decision.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

We lack jurisdiction to review the BIA's refusal to exercise its regulatory authority to reopen the removal proceeding *sua sponte. See Gonzalez-Cantu v. Sessions,* 866 F.3d 302, 306 & n.6 (5th Cir. 2017), *cert. denied,* No. 17-653, —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2018 WL 311388 (U.S. Jan. 8, 2018). We have jurisdiction to review the denial of a statutory motion to reopen based on equitable tolling. *See Lugo-Resendez v. Lynch,* 831 F.3d 337, 343–44 (5th Cir. 2016). However, Giral-Benitez did not exhaust an argument for equitable tolling of the statutory deadline. Accordingly, we lack jurisdiction to consider Giral-Benitez's unexhausted equitable tolling argument. *See Lopez-Dubon v. Holder,* 609 F.3d 642, 644 (5th Cir. 2010).

Giral-Benitez's petition for review is DISMISSED for lack of jurisdiction.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.